## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1408008905 |
| | ) | |
| | ) | |
| LATEEF A. DICKERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 6, 2017
Decided: January 23, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Barzilai K. Axelrod, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Lateef Dickerson, Sussex Correctional Institution, Georgetown, Delaware *pro se.*

**MAYER,** Commissioner

1

This 23rd day of January, 2018, upon consideration of Defendant's Motion for Postconviction Relief, the various amendments thereto, and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

By way of background, several firearms were reported stolen, and it was believed Defendant, along with several accomplices, transported the firearms from Maryland to Delaware. When Defendant was stopped for Driving Under the Influence of Alcohol (the "DUI"), one of the stolen guns was found in his vehicle. On April 5, 2016, Defendant plead guilty to one count each of Possession of a Firearm by a Person Prohibited ("PFBPP"), Receiving a Stolen Firearm ("RSF"), and Conspiracy Second Degree.[1]

Pursuant to the Plea Agreement, three additional cases were *nolle prosequi* and the charges dismissed. The agreement also contemplated that the State would move to declare Defendant a habitual offender pursuant to 11 Del. C. §4214(a) on the RSF charge, that it would not recommend more than 10 years of incarceration, and a pre-sentence investigation was ordered.

On May 3, 2016, Defendant was sentenced on the PFBPP charge to 15 years at Level V with credit for time served, suspended after 10 years (the minimum

---

[1]  D.I. # 53.

mandatory sentence) for 2 years at Level III; on the Conspiracy Second Degree charge to 2 years at Level V, suspended for 1 year at Level III; and on the RSF charge, the Court granted the State's motion to declare Defendant a habitual offender, but did not add any additional time to Defendant's sentence.[2] Defendant did not file a direct appeal and his conviction became final 30 days later.

On October 12, 2016, Defendant filed a Motion for Postconviction Relief, which was later supplemented by letter.[3] The Court issued an Order expanding the record and to allow for the filing of an Affidavit by trial counsel,[4] and additional briefing.[5] The Court also directed the transcription of the Plea Hearing and Sentencing Hearing.[6]

Defendant presents three grounds for relief[7] based on ineffective assistance of counsel including: (1) trial counsel failed to properly investigate co-defendant

---

[2] D.I. # 59.

[3] D.I. # 63, 67, 68.

[4] *See* Affidavit at D.I. # 74.

[5] *See* State's Response at D.I. # 79.

[6] *See* D.I. #s 80, 82 and 83. The April 5, 2016 Plea Hearing transcript will be referred to herein as "Plea Tr. at ___" and the May 3, 2016 Sentencing Transcript will be referred to herein as "Sent. Tr. at ___".

[7] Although it appears Defendant presented four arguments, "Ground One" is merely a recitation of the law and does not include any specific allegation.

testimony and/or move to suppress cell phone records; (2) trial counsel incorrectly informed him he would receive a life sentence if he did not accept the plea and he would not have pleaded guilty if provided reasonably competent advice; and (3) Defendant was incorrectly told that a firearm was going to be used against him a trial and he would not have pleaded guilty if he had known that the Court had ruled otherwise.

## Defendant's Motion for Postconviction Relief

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[8] This is Defendant's first motion and it was timely filed.[9] All of Defendant's arguments would be procedurally barred pursuant to Super. Ct. Crim. R. 61(i)(3) because Defendant failed to raise these issues prior to the judgment of conviction having been entered or prior to entry of his guilty plea. Claims of ineffective assistance of counsel though can only be raised in the post-trial proceedings.[10]

---

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[9] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1).

[10] Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief. *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[11] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[12] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[13] Defendant must also show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[14] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[15] Rather, Defendant must overcome a strong

---

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[12] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[13] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[14] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[15] *Id.* (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

presumption that counsel's conduct was reasonably professional under the circumstances.[16]

Defendant's claims of ineffectiveness raise evidentiary issues which would have been waived upon entry of the plea. As such, the Court should start with a review of the plea itself. At the Plea Hearing, Defendant was afforded an opportunity to ask any additional questions of counsel regarding the case, evidence or defenses.[17] The Court confirmed that Defendant had had enough time to discuss the matter fully with counsel, and that he was satisfied with counsel's representation.[18] And, only after a thorough colloquy with Defendant discussing the charges, the Plea Agreement, and possible sentencing, did the Court then accept the plea as made knowingly, intelligently and with a full understanding of the nature of the charges and the consequences of the plea.[19] Defendant has provided no basis to deviate from the Court's decision to accept the plea.

Further, Defendant's implication that the plea was coerced in any way is belied by the record. A defendant's statements to the Court during the guilty plea

---

[16] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[17] Plea Tr. at 21.

[18] Plea Tr. at 22-23.

[19] Plea Tr. at 23-24.

6

colloquy are presumed to be truthful, Defendant is bound by his statements to the Court, and absent clear and convincing evidence that his guilty plea was coerced, the Court will not reconsider a knowing, intelligent and voluntary plea.[20] Through the Plea Agreement and Truth in Sentencing Guilty Plea Form (the "TIS"), Defendant acknowledged that he was freely and voluntarily deciding to plead guilty, that he was not promised anything that was not included within the written Plea Agreement, and that neither his lawyer, nor anyone else, forced him to enter into the plea. During the Plea Hearing, the Court engaged in a thorough colloquy with the Defendant at which time he admitted committing the acts underlying the charges,[21] indicated he was not promised what his sentence would be nor were there any promises or representations made outside of the Plea Agreement,[22] and acknowledged that a possible sentence included life imprisonment.[23] As a result, Defendant not only avoided the possibility of five life sentences, and/or the possibility of 30 years of incarceration, but also additional exposure for the charges

---

[20] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements). *See also, State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

[21]  Plea Tr. at 12-15.

[22]  Plea Tr. at 19, 22-23.

[23]  Plea Tr. at 18-19.

7

that were dismissed as part of the plea. Defendant evaded this outcome with a favorable plea and has not established error by counsel as to the plea itself, or prejudice as a result.

The Affidavit of trial counsel[24] and the record itself, contradict Defendant's first claim that there was error by trial counsel or prejudice as a result of his actions. Defendant was required to show that trial counsel's failure to investigate was deficient by clear and convincing evidence,[25] and the claimed additional effort by counsel would have led to a change in counsel's recommendation as to the plea.[26] A defendant must also make specific allegations of actual prejudice and substantiate them; vague allegations or conclusory statements will not suffice.[27] Trial counsel's Affidavit indicates that either he, his investigator, or both, met with and interviewed two alleged co-conspirators, and attempted to interview another.[28] Trial counsel also

---

[24] D.I. # 74.

[25] *Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015), citing *Krafchick v. State*, 2014 WL 4264926, at *2 (Del. Aug. 28, 2014).

[26] *Id*, citing *Albury v. State*, 551 A.2d 53, 59 (Del. 1998) (citing *Hall v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

[27] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996); *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015).

[28] This individual was represented by counsel who would not permit an interview, but Defendant's trial counsel reviewed several recorded statements instead.

met with, and interviewed, four other witnesses and subsequently subpoenaed them for trial. Trial counsel also prevailed on a Motion to Compel Disclosure of the Identity of a Confidential Informant.[29] Defendant has not presented substantiated evidence, nor a convincing argument, that counsel failed in his duty to investigate witnesses or that any additional effort would have changed counsel's recommendation.

To the extent Defendant finds fault in trial counsel's failure to move to suppress the cell phone, Defendant has failed to articulate a reasonable basis by which such a motion would have been granted. The cell phone was located within the Defendant's vehicle during the DUI stop. Defendant's Motion does not explain the evidentiary value of the cell phone and/or how it was to be used against him. It is the attorney's "right to decide certain strategic and tactical decisions, including what witnesses to call, whether and how to conduct cross-examination, what trial motions should be made, and what evidence should be introduced."[30] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[31] Furthermore,

---

[29] D.I. # 31, 32, 34.

[30] *State v. Cooke*, 2010 WL 3734113, at *16 (Del. Super. Aug. 19, 2010).

[31] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

"[i]t is well-settled that a knowing, intelligent, and voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea."[32] As Defendant's plea was valid, he waived the right to contest the evidence against him. Therefore, with respect to Defendant's first claim, based upon the record before the Court, and the facts and circumstances of this case, it does not appear that trial counsel's representation fell below an objective standard of reasonableness or that Defendant was prejudiced by the course of events.

Defendant's second claim also fails. Trial counsel's advice that Defendant could possibly receive a life sentence, was not wrong. The Plea Agreement (signed by Defendant), and the TIS (signed by Defendant), as well as the Plea Transcript (to which Defendant was present), all acknowledge that a life sentence,[33] or even five life sentences, were possible. As such, the advice given was accurate and no error has been shown.

Finally, Defendant's third argument claims he was misinformed regarding the admissibility of firearm evidence and that he "was told that it was going to be used

---

[32] *Fields v. State*, 2017 WL 4607424 (Del. Oct. 12, 2017) (citing *Smith v. State*, 2004 WL 120530 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (reaffirming the principle that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process."))).

[33] TIS states "0-life if declared habitual offender S 4214(a)." *See also* Plea Tr. at 7-8, 18, 20

against [him] and that it was crucial information that was to be used against [him], when clearly the criminal Docket Sheet states otherwise." Unfortunately, Defendant appears to have misunderstood the docket and the Court's ruling on this matter. On September 8, 2015, the Court held an office conference and issued a ruling on the State's and Defendant's motions in limine. The Court's Order states: "The firearm recovered from the Dover car stop on July 14, 2014, evidence of its relation to the July 8, 2014 Maryland burglary, and the DNA results from that firearm **are admissible**. The underlying facts of that car stop are not admissible in the State's case-in-chief..."[34] (emphasis added) Put simply, the Court ruled that the firearm was admissible against Defendant, but limited the State's ability to reference how it was recovered. As such, Defendant's third argument lacks any merit and trial counsel will not be deemed ineffective for providing legally correct information.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
cc: Lateef Dickerson
    Barzilia K. Axelrod, Esquire
    Kevin J. O'Connell, Esquire

---

[34] D.I. # 34.

11